UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-61906-ALTMAN/Hunt

**CRISTIAN MONROY
MAZARIEGOS**,

    *Plaintiff*,

v.

**PROTECTIVE INSURANCE
COMPANY**,

    *Defendant*.

_____/

## ORDER GRANTING MOTION TO REMAND

The Plaintiff has filed a Motion for Remand to State Court (the "Motion to Remand") [ECF No. 12]—which, after careful review, we now **GRANT in part** and **DENY in part**.[1]

### THE FACTS

On March 19, 2023, our Plaintiff, Cristian Monroy Mazariegos, sued the Defendant, Protective Insurance Company, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, asserting one count of negligence. *See* Complaint [ECF No. 1-1] at 6–8. The Defendant was served on May 25, 2023. *See* Notice of Service of Process [ECF No. 1-1] at 2. The Defendant then removed this case to federal court on October 5, 2023, under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446(b). *See generally* Notice of Removal [ECF No. 1]. The Plaintiff now moves to remand the case back to state court. *See generally* Motion to Remand. The Plaintiff also "seeks an award of reasonable attorney fees he was forced to incur as a result of the untimely removal." *Id.* at 7.

---

[1] The Motion to Remand is ripe for resolution. *See* Defendant's Response to Plaintiff's Motion to Remand (the "Response") [ECF No. 20]; Plaintiff's Reply in Support of Motion to Remand (the "Reply") [ECF No. 21].

## THE LAW

A federal court should remand to state court any case that has been improperly removed. *See* 28 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934).

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Congress has authorized the federal district courts to exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). This type of jurisdiction (what we call diversity jurisdiction) requires *complete* diversity: Every plaintiff must be

2

diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The party invoking diversity jurisdiction must establish that the amount in controversy exceeds $75,000. *See* § 1332(a). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

In evaluating whether the "particular factual circumstances of a case give rise to removal jurisdiction, we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (cleaned up); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

## ANALYSIS

### I. Timeliness of Removal

In his Motion to Remand, the Plaintiff argues that the "Defendant's Notice of Removal, filed October 5, 2023, is untimely" because, "on August 3, 2023," after the case was filed in state court, "counsel for Plaintiff sent an email to Defendant reiterating his demand for an amount well in excess of $75,000.00, reminding Defendant that Plaintiff's related medical bills were over $244,000.00." Motion to Remand at 1–2. "Therefore," the Plaintiff says, "after Defendant received Plaintiff's Other Paper Email on August 3, 2023, it was apparent to Defendant that this action was between diverse citizens and exceeded the Federal Court jurisdictional limit, and was thus removable." *Id.* at 2. We agree.

Under 28 U.S.C. § 1446(b)(1), a notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." But, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days

3

after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* § 1446(b)(3). The 30-day window in § 1446 is an "express statutory requirement for removal and the failure to comply 'can fairly render the removal defective and justify remand.'" *Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 62 (11th Cir. 2006) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)); *see also* 28 U.S.C. § 1447(c) (providing that a plaintiff may move to remand a case "on the basis of any defect").

Courts in this Circuit have consistently held that post-lawsuit settlement demands can qualify as "other paper" under § 1446(b)(3), depending on their reliability. *See, e.g.*, *Stauffer v. Indian Harbor Ins. Co.*, 2022 WL 3572413, at *1 (M.D. Fla. Aug. 19, 2022) (Moody, J.) ("[P]ost-suit settlement demands are routinely considered 'other papers' that trigger the thirty-day clock to remove."); *Musser v. Walmart Stores E., L.P.*, 2017 WL 1337477, at *3 (S.D. Fla. Apr. 12, 2017) (Cooke, J.) ("Courts routinely permit the use of post-suit demand letters in determining the amount in controversy requirement." (cleaned up)); *Gleaton & Demaria Com. Dev., LLC v. Westchester Surplus Lines Ins. Co.*, 2018 WL 8496001, at *2 (N.D. Fla. Sep. 21, 2018) (Rodgers, J.) ("Regarding settlement offers, courts differentiate between pre-suit and post-suit settlement demands, considering post-suit settlement demands as 'other paper' for the purpose of ascertaining that the case is removable, thereby triggering the thirty-day filing period.").

On August 3, 2023, our Plaintiff sent the Defendant a post-suit settlement demand: "Our last demand was $600,000," the Plaintiff's lawyer wrote. August 3, 2023, Email [ECF No. 14-1] at 2. "Client has been back to the surgeon and he is scheduling a fusion for him. Client might be interested in getting this resolved before the fusion but we would have to act quickly. His current meds are about $244k. Let me know how you would like to proceed." *Ibid.* Notably, this email arrived months *after* the Defendant was served with the state-court Complaint, *see* Notice of Service of Process at 2, which

4

established that the parties are completely diverse, *see* Complaint at 6 (alleging that the Plaintiff is a resident of Broward County, Florida, and that the Defendant is a "foreign corporation").

This August 3, 2023, Email is a "reliable indicator of the true amount in controversy." *Ethridge v. New Bern Transport Corp.*, 2016 WL 6123370, at *1 (M.D. Fla. Oct. 20, 2016) (Byron, J.) (cleaned up). Remember, "[w]hether a demand letter is filed pre- or post-suit, it must contain sufficient indications of reliability to demonstrate that it is more than 'mere puffery.'" *Kinker v. Am. Reliable Ins. Co.*, 2023 WL 2043146, at *2 (M.D. Fla. Feb. 16, 2023) (Honeywell, J.). In our case, the Defendant has conceded that the August 3, 2023, Email "contain[ed] information sufficient to begin the 30-day clock for removal." Response at 5. The reliability of the email is therefore not in dispute.

But, even if it were, the August 3, 2023, Email is plainly a reliable indicator of the amount in controversy because it contains almost the exact same sum the Defendant acknowledges to be the "total amount of economic losses being claimed by the Plaintiff." Notice of Removal at 5. Moreover, the Defendant arrived at that sum after reviewing medical records and bills the Plaintiff provided. *Id.* at 4. In the Defendant's own words:

> On November 28, 2022, prior to filing suit, counsel for Plaintiff provided Protective with a Time-Sensitive Demand of which the settlement demand was an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00) as well as Plaintiff's medical records and medical bills. Attached to the Settlement Time Limit Demand were copies of some of Plaintiff's medical records and bills for his treatment following the subject motor vehicle accident. Although the medical records and bills do not appear to be complete, it is apparent that the Plaintiff's alleged damages in this matter exceed the jurisdictional amount . . . .
>
> Although his medical treatment is ongoing and complete copies of his medical bills have not been provided to Protective, Mr. Mazariegos' medical bills to date exceed $244,711.26 . . . . Based upon the foregoing, the total amount of economic losses being claimed by the Plaintiff appears to exceed $244,711.26, not including any medical bills not yet produced and any claimed future medical treatment and surgery.

*Id.* at 3–5. Given the Defendant's concession that the Plaintiff's "medical bills . . . exceed $244,711.26," *id.* at 5, we find that the August 3, 2023, Email bears strong indicia of reliability. We, therefore, agree with the Plaintiff that the August 3, 2023, Email made "apparent to Defendant that this action was

5

between diverse citizens and exceeded" $75,000, triggering the thirty-day clock for removal. Motion to Remand at 2.

Against all this, the Defendant advances just one argument—that, because the post-suit settlement demand was sent to the Defendant's claims adjuster, as opposed to the Defendant's lawyer, the demand cannot be considered "other paper" under § 1446(b)(3). *See* Response at 5 ("Under the Federal Rules of Civil Procedure, Florida Rules of Civil Procedure and the Rules Regulating the Florida Bar, Plaintiff's counsel was required to serve / send [the August 3, 2023, Email] to Defendant's counsel, and not communicate directly with Defendant's adjuster, a non-lawyer. Plaintiff's counsel's act of sending a represented party an email which he would later use to thwart removal violates the applicable rules and is arguably unethical."). We're not persuaded. The text of § 1446(b)(3) is clear that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt *by the defendant*"—not the defendant's lawyer—"through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The "other paper" in this case was sent to the Defendant's adjuster, who uses the Defendant's Protective Insurance domain name in his email, "JGarvey@protectiveinsurance.com." *See* August 3, 2023, Email at 2. That's sufficient to satisfy § 1446(b)(3)'s "other paper" requirement.[2] In any event, as we've said, we must resolve all uncertainties about our removal jurisdiction in favor of remand. *Scimone*, 720 F.3d at 882.

---

[2] *See also* Reply at 6 ("Attorneys routinely communicate with adjusters for insurance carriers regarding claims which they are adjusting. This is not a situation where counsel contacted an unrepresented individual – the adjuster, Jim Garvey, is a CL Claims Casualty Specialist Sr., a sophisticated professional who is in the business of adjusting claims, including those in litigation. Counsel for Plaintiff had been in regular communication with adjusters for Defendant prior to suit being filed, and this was simply a continuation of that communication. Additionally, as evidenced in the Other Paper email Plaintiff filed [ECF 14], Mr. Garvey himself requested information from counsel for Plaintiff via email on August 1, 2023, to which counsel for Plaintiff simply responded with the Other Paper email.").

Given that the Defendant filed its Notice of Removal on October 5, 2023—133 days after it was served with the Complaint, and 63 days after it received the Plaintiff's settlement demand—the Defendant did not meet its thirty-day deadline under § 1446(b)(1), and its Notice of Removal is untimely.

**II.    Attorneys' Fees**

"When a case is remanded due to improper removal, the court may award the plaintiff attorneys' fees and costs." *Point Conversion, LLC v. Tropical Paradise Resorts, LLC*, 339 F. Supp. 3d 1350, 1358 (S.D. Fla. 2018) (Altonaga, J.) (citing 28 U.S.C. § 1447(c)). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although we've agreed to remand this case back to state court, we don't think the Defendant was objectively unreasonable for seeking removal "within thirty (30) days of September 7, 2023, the date in which Protective's counsel was notified via email by Plaintiff's counsel that Plaintiff would be undergoing surgery." Notice of Removal at 7. We therefore **DENY** the Plaintiff's motion for attorneys' fees.

*       *       *

After careful review, therefore, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion to Remand [ECF No. 12] is **GRANTED** as to the request for a remand and **DENIED** with respect to the request for attorneys' fees.

2. The case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. The Clerk of Court is directed to **CLOSE** this case. All pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on December 7, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record